This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

**v.**                                                                           **No. 35,070**

**JOHN FLORES,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF CURRY COUNTY**
**Matthew E. Chandler, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Acting Chief Public Defender
Will O'Connell, Assistant Appellate Defender
Santa Fe, NM

for Appellant

**MEMORANDUM OPINION**

**SUTIN, Judge.**

{1} Defendant appeals his conviction for felon in possession of a firearm. We issued a calendar notice proposing to affirm. Defendant has responded with a memorandum in opposition. We affirm.

{2} Defendant continues to challenge the sufficiency of the evidence to support his conviction for felon in possession of a firearm, contrary to NMSA 1978, Section 30-7-16(A) (2001). [MIO 2] A sufficiency of the evidence review involves a two-step process. Initially, the evidence is viewed in the light most favorable to the verdict. Then the appellate court must make a legal determination of "whether the evidence viewed in this manner could justify a finding by any rational trier of fact that each element of the crime charged has been established beyond a reasonable doubt." *State v. Apodaca*, 1994-NMSC-121, ¶ 6, 118 N.M. 762, 887 P.2d 756 (internal quotation marks and citation omitted).

{3} In order to convict Defendant, the evidence had to show that he was in possession of a firearm and had been convicted of a felony within the last ten years. [RP 165] Here, an officer was investigating a possible stolen vehicle in an alley and noticed Defendant walking nearby in the same alley. [MIO 1] The officer initiated contact, and Defendant informed the officer that he was carrying a firearm. [MIO 1] The firearm was admitted as evidence in the district court. [DS 2] There was also evidence that Defendant had been convicted of a felony within the last ten years. [DS

2] Defendant testified that he believed this prior conviction was a misdemeanor and not a felony, and the jury was given a mistake of fact instruction. [MIO 1-2; RP 168] The jury was free to reject Defendant's claim that he believed that his felony conviction was actually a misdemeanor conviction. *See State v. Sutphin*, 1988-NMSC-031, ¶ 21, 107 N.M. 126, 753 P.2d 1314 (noting that the fact-finder is free to reject a defendant's version of events).

{4}     In light of the above-noted evidence supporting Defendant's conviction, we affirm.

{5}     **IT IS SO ORDERED.**


_____
**JONATHAN B. SUTIN, Judge**


**WE CONCUR:**


_____
**MICHAEL D. BUSTAMANTE, Judge**


_____
**J. MILES HANISEE, Judge**